FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARY JOHNSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 1:20-cv-00982 (UNA) |
| | ) |
| WILLIAM P. BARR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiffs, Zachary Johnson and Russell K. Hill, are both prisoners currently designated to correctional facilities located in Mississippi. They have both filed individual applications for leave to proceed *in forma pauperis* ("IFP") accompanied by a joint *pro se* prolix civil complaint. Plaintiffs sue the United States Attorney General and 16 federal judges, citing the Federal Tort Claims Act ("FTCA").

Hill has accumulated three-strikes under 28 U.S.C. § 1915(g). *See Hill v. Epps*, 169 F. App'x 199 (5th Cir. 2006) (per curiam) (assessing third strike and barring Hill from proceeding IFP); *Hill v. The Fed. Judicial Ctr.*, No. 05-1567 (D.D.C. filed Jan. 14, 2008) (vacating order granting IFP status). As a result, Hill's IFP application cannot be granted absent a finding that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Hill has made no such showing, and therefore, his IFP application shall denied and his claims shall be dismissed without prejudice.

Johnson's IFP application shall be granted, however, his claims, and this matter, shall also be dismissed without prejudice. *See* 28 U.S.C. §§ 1915A(b)(1), (b)(2); 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). He alleges that defendants, "while acting within the scope of their common office and employment," conspired, perpetuated fraud, and infringed on his property rights, in

rendering determinations[1] in the course of various litigation. He also takes issue with judicial determinations made by other state and federal courts. While he cites to the FTCA, he does not specify his intended tort claims, instead broadly alleging violations of myriad constitutional rights. He alleges that defendants "knowingly, willfully, and advertently . . . thwarted the Plaintiffs' viable and plausible" lawsuits, which he believes constitutes a " 'continuing tort' violation." Further, aside from attenuated conspiracy theories, the claims against the Attorney General are even less clear. *See* Fed. R. Civ. P. 8(a). He seeks monetary damages.

Sovereign immunity bars a claim against the United States and its employees acting in their official capacity save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). Also, a court is immune from a damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "[A] judge will not be deprived of immunity because the

---

[1] Johnson also fails to extent that he insinuates that the PLRA or Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are generally unconstitutional. While litigants have a constitutional right of access to the courts, that right is neither absolute nor unconditional. *Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (internal quotation marks and citations omitted). In that regard, leave to file a claim IFP "has always been a matter of grace, a privilege granted in the court's discretion . . . and denied in the court's discretion when that privilege has been abused[.]" *Id.* (internal quotation marks and citations omitted). Similarly, the AEDPA's successive habeas rule does not constitute a denial of access. *See Rubino v. United States*, 204 F. Supp. 3d 6, 9–10 (D.D.C. 2016) (collecting cases).

action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Johnson seemingly seeks to evade this immunity by relying on the FTCA.[2] Even if he had stated a viable claim under the FTCA, "[t]he FTCA represents a *limited* waiver of the government's sovereign immunity" from suit for money damages. *Tri–State Hospital Supply Corp. v. U.S.*, 341 F.3d 571, 575 (D.C. Cir. 2003) (emphasis added). Judicial acts are excluded from this limited waiver and are protected by absolute immunity. *See* 28 U.S.C. § 2674; *Jafari v. United States*, 83 F. Supp. 3d 277, 279–80 (D.D.C. 2015). Additionally, the underlying tortious acts alleged here involve fraud and deception, and the FTCA expressly "exempts fraud and misrepresentation from the general waiver of sovereign immunity." *Maxberry v. Dep't of the Army, Bd. of Correction of Military Records*, 952 F. Supp. 2d 48, 52 (D.D.C. 2013) (citing 28 U.S.C. § 2680(h) (other citation omitted)).

As such, the complaint is dismissed in full. An order consistent with this memorandum opinion is issued separately.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 28, 2020

---

[2] It also appears that subject matter jurisdiction is wanting because the complaint does not indicate exhaustion of administrative remedies by "first present[ing] the [FTCA] claim to the appropriate Federal agency . . . " 28 U.S.C. § 2675; *see Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).